[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12703
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00192-JA-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN HENRY RAFTOPOULOS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 25, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

John Raftopoulos appeals his sentence of 120 months imprisonment,

following his plea of guilty to robbery of a bank using force and violence or

intimidation.  See 18 U.S.C. § 2113(a).  Raftopoulos argues that his sentence is unreasonable.  We affirm.

Raftopoulos, a career offender, walked into a bank in Palm Beach, Florida, with a black pouch strapped to his body and passed a note to a teller that stated as follows: "I AM WILLING TO DIE FOR THIS MONEY.  ARE YOU.  ALL THE MONEY – STACK! NO DYE PACK-TRANSMITTER." With money in hand, Raftopoulos glanced at the teller and patted his black pouch.  Raftopoulos had a criminal history of VI that included prior convictions for bank robbery and possession by a felon of a firearm equipped with a silencer.  Raftopoulos blamed his crimes on various addictions, but the district court found that he had a "pattern of criminal conduct [beginning at age 14 that] [was] interrupted primarily by time in prison."

The district court reasonably determined that a sentence at the low end of Raftopoulos's advisory guideline range of 120 to 150 months of imprisonment was necessary to address his crime; his lack of respect for the law; his history of offenses involving "force and violence"; and to prevent him from committing future similar crimes that endangered the public.  See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  Moreover, Raftopoulos faced a maximum statutory penalty of 20 years, but was incorrectly assigned an offense level of 29 instead of an offense level of 32, see United States Sentencing Guidelines Manual

§ 4B1.1(b) (Nov. 2012), which would have resulted in a guidelines range between 151 and 188 months of imprisonment, id. ch.5, pt. A.  The district court did not abuse its discretion in imposing a sentence of 120 months, which is well below the statutory maximum penalty for Raftopoulos's offense.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

We **AFFIRM** Raftopoulos's sentence.